UNITED STATES DISTRICT COURT
DISTRICT OF BOSTON, MASSACHUSETTS

SUFFOLK, ss

Docket No;

05-11096 NG

Donna Layne,
Plaintiff

v.

Lori Bullen,
Marsha Cannon,
Inspector Harrington,
Allen Douillette,
Defendants

MAGISTRATE JUDGE bowler

**COMPLAINT**

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE _____

**Jurisdiction**

1. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(3), which confers original jurisdiction on Federal District courts in suits to redress deprivation of rights.

2. This action is pursuant to Title 39 U.S.C. § 1000 and the Fourth amendment of the United States Constitution.

**Parties**

3. Plaintiff, Donna Layne, is a citizen of the United States and resides at 150 Webster Avenue, Chelsea, and Massachusetts County of Essex.

4. Defendant, Lori Bullen, was the Supervisor of Customer Service at the Central Square Cambridge postal store and her work address 277 Massachusetts Avenue {Central Square}, Cambridge, Massachusetts 01111.

5. Postmaster, Postmaster Marsha Cannon, work address is 277 Massachusetts Avenue {Central Square. Cambridge, Massachusetts 01111.

6. Inspector Harrington, the interrogating officer whose permanent work address is unknown at this time.

7. Inspector Allen Ouellette, the interrogating officers whose permanent work address is unknown at this time.

**Facts**

8. The Plaintiff was employed as Distribution/Window clerk at the postal store in Central and Harvard Square, Cambridge MA.

9. Plaintiff brings this action to recover damages sustained as a result of a wrongful termination from the United States Postal Service initiated by Defendant Lori Bullen.

10. Plaintiff's Fourth Amendment right to be free from unreasonable seizure was violated.

11. A substantial shortage of money was missing from the clerk's intake windows at the Central Square facility; video surveillance equipment was set up at each window to monitor the activities of the clerks in an effort to identify the perpetrator(s).

12. Ms. Layne was not involved; she had not been a window clerk during the time the thefts occurred.

13. As a result of this surveillance, two employees were observed exhibiting unusual behavior. Helen Rogers, the other employee, was questioned briefly and allowed to leave. Postal Inspectors interrogated the Plaintiff extensively for several hours. She was neither legally represented at this interview nor advised of her right to such representation. She was interrogated in a separate room and did not feel free to leave at any point during the interminable interrogation.

14. On July 12, 2002, Supervisor of Customer Service, Ms. Lori Bullen, issued a Notice of Removal to Ms. Layne, citing her for failure to perform her duties in a satisfactory manner and mishandling postal funds/ violation of standards of conduct.

15. The Postal Workers Union filed a grievance on behalf of Ms. Layne, opposing the disciplinary action filed against her.

16. On April 16, 2003, the arbitration hearing was held in the matter of the grievance.

17. On May 16, 2003 a decision was rendered, after arbitration, which resulted in the termination of Ms. Layne from her employment with the Postal service.

### Count I

### Wrongful Termination

18. Plaintiff repeats the allegations contained in paragraph 1 through 17 and by reference, incorporates them herein. Ms. Bullen, as Supervisor of Customer service at the Central Square, Cambridge Postal store was the immediate supervisor of Ms. Layne, and as such responsible for the removal of Ms. Layne from employment.

19. Ms. Bullen disciplined two employees for the same conduct. One was suspended for two weeks, but the Plaintiff was terminated.

20. Ms. Bullen as an employee of the Postal Service and therefore its agent, acted within the scope of her employment, as supervisor, in the removal of Ms. Layne from her employment.

### Count II

### Vicarious Liability

21. Ms. Layne repeats the allegations contained in paragraph 1 through 20 and by reference, incorporates them herein.

22. Pursuant to the Doctrine of Respondeat Superior, Marsha Cannon is vicariously liable for the actions of Lori Bullen, the supervisor who wrongfully terminated the Plaintiff.

### Count III

### Unlawful Seizure

23. Ms. Layne repeats the allegations contained in paragraph 1 through 22 and by reference, incorporates them herein.

24. Ms. Layne' rights under the Fourth Amendment of the Constitution of the United States were violated when she was interrogated by the postal inspectors who represented the U.S. Postal Service in police role, without probable cause, since at the time the thefts occurred, Plaintiff was not working the POS window and therefore could not have perpetrated or been involved with the missing funds.

25. Plaintiff was not warned that the evidence and admissions collected by the custodial interrogation would be used against her nor that she had the right to have counsel present during the several hours of intense questioning.

26. Plaintiff was coerced into making statements as a consequence to the long and arduous questioning from the postal inspectors.

Ms. Layne's agreement to this interrogation was not consensual. She was made to believe that it was mandatory, she was given no information, prior to this, about the length of time, intensity and breadth of questioning or the ultimate use of information obtained.

**Request for Relief**

**WHEREFORE**, Plaintiff respectfully requests this honorable Court to:

1. Enter judgment for Plaintiff on all counts.
2. Order Defendants to pay all back salary, retirement and medical benefits dating back to the date of termination.
3. Restore her to her former position.
4. Award Ms. Layne multiple damages plus cost costs and attorney fees.
5. Plaintiff **Demands** a trial on the merits by jury on all triable issues of fact.

Respectfully submitted,
By her attorney,

_Eugene C. Johnson_
Eugene C. Johnson, Esq.
BBO #: 659713
264 Broadway – Suite 502
Methuen, Massachusetts 01844
(978) 691-5544

May 12, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
DLayne, Donna

**DEFENDANTS** United States Postal Service
Lori Bulleen, Supervisor
Marsha Cannon, Postmaster
Harrington and Cullete, Postal Inspectors

(b) County of Residence of First Listed Plaintiff   Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Eugene C. Johnson
264 Broadway, Suite 502, Methuen, MA 01844

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 565,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Donna Layne  Plaintiff__
   __Lori Bullen, Supervisor, United States Postal Service, Cambridge, MA__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, (330), 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05 11096 NG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☑    NO ☐
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Eugene C. Johnson__
ADDRESS __264 Broadway  Suite 502__
TELEPHONE NO. __Methuen, MA 01844    978-691-5544__

(CategoryForm.wpd - 2/15/05)