```
                IN THE UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                              )
DONNA LAYNE,                  )
                              )
        Plaintiff,            )
                              )
    v.                        )   C.A. No. 05-CV-11096-NG
                              )
LORI BULLEN, ET AL,           )
                              )
        Defendants.           )
_____)
```

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS**

Now comes Lori Bullen, Marsha Cannon, Inspector Harrington and Allen Douillette ("defendants"), by and through their Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and collectively file this Memorandum in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), and request this Court to dismiss the Complaint against the them for lack of subject matter jurisdiction.[1]

**I.   INTRODUCTION**

Plaintiff Donna Layne ("Layne") was employed at the United States Postal Service ("Postal Service").  This action arises out of an investigation into missing funds at the Post Office where Layne was employed.  Layne was terminated from employment after an investigation into missing funds at her work site.  Layne timely filed a grievance challenging her removal and the

---

[1] Plaintiff moved to amend her Complaint on October 6, 2005.  This Motion was allowed by the Court on October 11, 2005.  It should be noted that according to the Court Docket, Layne has never filed an Amended Complaint.

arbitrator's ruling against her.  Layne now seeks to reverse the arbitrator's decision by filing this Complaint.  Layne's Complaint consists of three Counts.  Count I is directed against Bullen, Layne's immediate supervisor, who was responsible for her removal.  This Count alleges that Bullen acted within the scope of her employment when she caused Layne's removal, and asserts a claim against Bullen for "Wrongful Termination".

In Count II Layne asserts a claim against Postmaster Marsha Cannon, claiming she is responsible for the wrongful termination under respondeat superior principles.

In Count III, titled "Unlawful Seizure", Layne alleges that Inspectors Harrington and Douillette are individually responsible for violating her constitutional rights under the Fourth Amendment by conducting a custodial interview of her without probable cause and without advising her of her right to have an attorney present.  Layne also alleges that Inspectors Harrington and Douillette did not warn her that evidence and admissions collected during the interview would be used against her.

On October 6, 2005 Layne moved to amend her Complaint to add the Postal Service as a Defendant in this case.  The Complaint was based upon counsel's affidavit averring that "the United States Postal Service is an indispensable party" and that "justice cannot be served if the United States Postal Service is precluded from this action" (See Complaint).  On October 11, 2005

the Motion to Amend Complaint was allowed.

Layne also seeks recovery for an alleged violation of her constitutional rights as a result of her interview that took place with two Postal Inspectors as part of the investigation.

As set forth below, Layne has not set forth valid claims for relief against the Defendants or the United States. Layne's Complaint is subject to dismissal because (i) she failed to challenge the arbitrator's decision within 30 days of his decision; (ii) she failed to exhaust her administrative remedies as required under Title VII; and (iii) her Constitutional rights under the Fourth Amendment of the Constitution were not violated as she cannot assert a constitutional tort in a civil suit against the United States or the Postal Service. Finally, her constitutional claim is time barred against any federal government employees.

## II. STATEMENT OF FACTS

Layne was employed as a Distribution/Window Clerk at the Postal store in Central and Harvard Square in Cambridge, Massachusetts (Complaint, ¶ 8). "A substantial shortage of money was missing from the clerk's intake windows", which resulted in an investigation being undertaken by the Postal Service (Complaint, ¶ 11). As part of the investigation Layne was interviewed by Inspector Timothy Harrington and Inspector Alan Douillette (Complaint, ¶ 13). The interview was conducted on

April 16, 2002 (See, Exhibit 1, the arbitration decision referred to by Layne in Paragraph 17 of the Complaint).

Following the investigation, Layne was issued a Notice of Removal by Lori Bullen, her supervisor (Complaint, ¶ 14). Layne availed herself of the rights granted under the Postal Workers Union Collective Bargaining Agreement, and challenged the removal by way of grievance (Complaint ¶ 15). A hearing on the grievance was held on April 16, 2003 (Complaint, ¶ 16), and the arbitrator rendered his written decision on May 16, 2003, finding Layne's removal justified under the circumstances (Complaint, ¶ 17).

**III. Standard Applicable To A Motion to Dismiss**

Upon a motion under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the party invoking the jurisdiction of the federal court generally bears the burden of proving its existence. Skwira v. U.S., 344 F.3d 64, 71-72 (1st Cir. 2003); Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001); Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993); see also Halstead v. Motorcycle Safety Found., Inc., 71 F. Supp. 2d 464, 468 (E.D. Pa. 1999). There are two different ways of challenging the existence of subject matter jurisdiction: a "facial attack" or a "factual attack." See 2 James Wm. Moore et al., Moore's Federal Practice P 12.30 (3d ed. 1999); cited by Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)(discussing differences between facial (or "sufficiency")

and factual attacks).  A facial challenge may be raised where the complaint fails to aver facts upon which subject matter jurisdiction can be based.  Gibbs v. Buck, 307 U.S. 66 (1939).  In raising a factual attack, the moving party argues that the formal jurisdictional allegations in the complaint are not true.  Id.; see also 1610 Corp. v. Kemp, 753 F. Supp. 1026, 1028 (D. Mass. 1991).

In both types of jurisdictional challenges, a court will take the well-pleaded facts of the complaint as true and draw all reasonable inferences in favor of the pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996); Barrett v. Lombardi, 239 F.2d 23, 30-31 (1st Cir. 2001).  In addition, where the challenge is factual, a court may go beyond the pleadings and weigh the evidence before it, as related to jurisdictional allegations.  See 1610 Corp., 753 F. Supp at 1028; Halstead, 71 F. Supp. at 468.  The court should grant defendants' motion where, as here, it is clear that Layne is not entitled to the relief she seeks by way of her Complaint.

**IV.  ARGUMENT**

    **A.  Layne Failed To Timely Challenge
     The Arbitrator's Decision**

Layne claims the basis for the Court's jurisdiction over Counts I and II is Title 39 U.S.C. § 1000.  Chapter 10 of 39

5

U.S.C. governs matters relating to employment within the Postal Service.  Chapter 12 of that Title pertains to employee-management disputes, and contains § 1208, which is considered the analogue of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for Postal Service employees and Postal Unions. McLean v. United States Postal Service, 544 F. Supp. 821, 825 (W.D. Pa. 1982).  Thus, it appears that the basis for the wrongful termination claim in Counts I and II is a challenge by way of § 1208 to the arbitrator's decision upholding Layne's removal.

To determine whether suits are timely filed under Chapter 12, 39 U.S.C. § 1208, courts look to the appropriate state statute of limitations applicable to suits seeking to vacate an arbitration award.  McLean, 544 F. Supp. at 827.  See also, Liotta v. National Forge Co., 629 F.2d 903 (3rd Cir. 1980) cert. denied., 451 U.S. 970 (1981); United States Postal Service, Inc. v. Mitchell, 451 U.S. 55 (1982)(courts look to state statute of limitations applicable to suits seeking to vacate arbitration awards under § 301); Kneeland v. Pepsi Cola Metropolitan co., Inc., 605 F. Supp. 137, 138-139 (D.Mass. 1985); Sear v. Cadillac Auto Co. of Boston, 654 F.2d 4, 6 (1st Cir 1981).  Thus, the statute of limitations that controls Layne's claims in Counts I and II is the Massachusetts statute applicable to actions to vacate arbitration awards.

Massachusetts law provides for a thirty (30) day period in which to challenge an arbitration award. M.G.L. c. 150C, § 11(b). It is undisputed that the arbitration award upholding Layne's removal was announced May 16, 2003. Thus, this Complaint, which was not filed within thirty days of May 16, 2003, is untimely. McNutt v. Airco Industrial Gases Div., 687 F.2d 539 (1st Cir. 1982). See also, Local 589 v. Massachusetts Bay Transp. Auth., 491 N.E.2d 1053, 397 Mass. 426 (1986)(purpose of 30 day period is to allow short period of time to vacate arbitration award in order to accord finality with reasonable promptness). Counts I and II of Layne's Complaint are therefore untimely and should be dismissed.

### B. Layne's Attempt To Assert A Title VII Claim Should Be Dismissed Because Of Her Failure To Exhaust Her Administrative Remedies

Although the Complaint fails to allege another basis for the Court's exercise of jurisdiction in Counts I and II, to the extent Layne attempts therein to assert some other type of employment claim, it is subject to dismissal for failure to exhaust her administrative remedies. It has long been held that Title VII, 42 U.S.C. § 2000e-16, is the exclusive remedy for redressing claims of employment discrimination against a federal employer. See e.g., Brown v. General Services Administration, 425 U.S. 820, 829 (1976); Neves v. Kolaski, 602 F. Supp. 645, 648

(D. R.I. 1985).[2] It is axiomatic that exhaustion of administrative remedies is a jurisdictional prerequisite for a civil action under Title VII. Failure to exhaust administrative remedies results in dismissal of a subsequent claim brought in federal court. Peanick v. Morris, 96 F.3d 316, 321 (8th Cir. 1996).

To properly exhaust her administrative remedies, federal employees must initiate EEOC contact "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action". Patrick v. Henderson, 255 F.3d 914, 915 (8th Cir. 2001)(quoting 29 C.F.R. § 1614.105(a)(1)); Velazquez-Rivera v. Danziq, 234 F.3d 790, 794 (1st Cir. 2000). Layne's Complaint does not, and cannot, allege that she has undertaken, far less exhausted, her administrative remedies under Title VII. Therefore, Counts I and II are subject to dismissal. As the court noted in Kizas v. Webster, 707 F.2d 524, 544 (D.D.C. 1983), cert. denied, 464 U.S. 1042 (1984):

> Congress did not casually impose the requirement that a person charging violation of Title VII by a federal agency initiate his or her complaint with the agency. Nor is the

---

[2] Under Title VII, the Postmaster General, in his official capacity as head of the Agency is the proper party to be named as defendant. Richard v. U.S. Postal Service, 219 F. Supp. 2d 172, 174, n. 1 (D.N.H. 2002); Soto v. U.S. Postal Service, 905 F.2d 537, 539 (1st Cir. 1990); Rys v. U.S. Postal Service, 886 F.2d 43, 445 (1st Cir. 1989). Bullen, the individual supervisor, and Cannon, the Postmaster have no individual liability for decisions undertaken in the employment process.

      requirement a technicality.  Rather, it is part and parcel
      of the congressional design to vest in the federal agencies
      and officials engaged in hiring and promoting personnel;
      "primarily responsibility" for maintaining nondiscrimination
      in employment.

Layne simply cannot now seek a remedy with respect to her termination from Postal Service employment, when the notice of removal was issued July 12, 2002 (Complaint, ¶. 14), and she failed to seek timely relief under Title VII.

    **C.**    **Layne's Claim For Unlawful Seizure Under The Fourth Amendment Should Be Dismissed As She Cannot Assert A Constitutional Tort In A Civil Suit <u>Against The United States Or The Postal Service</u>**

Count III purports to assert a claim for "Unlawful Seizure" in violation of Layne's rights under the Fourth Amendment of the United States Constitution.  Layne claims that the interview of her conducted by Postal Inspectors Harrington and Douillette constituted a "custodial interrogation" conducted "without probable cause" (Complaint, ¶¶ 24-25).  According to Layne, her constitutional rights were violated because she "was not warned that the evidence and admissions collected by the custodial interrogation would be used against her nor that she had the right to have counsel present during the several hours of intense questioning" (Complaint, ¶ 25).  Count III is subject to dismissal for several reasons.

    **(i)**    **Layne Cannot Assert a Constitutional Claim <u>Against the United States or the Postal Service</u>**

9

Layne's Complaint does not make it clear whether Count III is directed to the Postal Service or only the individual defendants. If the Complaint asserts a claim against the Postal Service in Count III, that claim is subject to dismissal. It is well settled that "the United States, as sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." United States v. Mitchell, 445 U.S. 535, 538 (1980)(quotation omitted); See also, Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). Bolduc v. U.S., 402 F.3d 50, 55 (1st Cir. 2005); Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 39 (1st Cir. 2000); Murphy v. U.S., 45 F.3d 520, 522 (1st Cir. 1995). "[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain suit." United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity cannot be implied, it must be unequivocally expressed, United States v. Testan, 424 U.S. at 399, and strictly construed in the United States' favor. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Muirhead v. Mecham, 427 F.3d 14, 17 (1st Cir. 2005); Limar Shipping Ltd. v. U.S., 324 F.3d 1, 6 (1st Cir. 2003).

Layne cannot assert a constitutional tort in a civil suit against the United States or the Postal Service. Although the United States has waived its sovereign immunity for torts in

limited circumstances, it has not waived its sovereign immunity for claims arising from a violation of the Constitution. F.D.I.C. v. Meyer, 510 U.S. 471 (1994). To the extent that Layne's amendment seeks to impose liability on the Postal Service for the constitutional violations alleged in Count III, her Complaint should be dismissed.

### (ii) Any Claim Against Federal Officers Should Be Dismissed As the Statute of Limitations Has Expired

In 1971 the Supreme Court recognized an implied private right of action directly under the Constitution to enforce the Fourth Amendment, thus permitting plaintiffs to file suit for money damages directly against federal officers in their individual capacities. Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Because Layne named Inspectors Harrington and Douillette in their individual capacities, it appears that she seeks to invoke this remedial authority.

There is no federal statute of limitation that applies to suits brought against federal government employees under Bivens, 403 U.S. at 397. Instead, courts apply the relevant state's general personal injury statute of limitations. Id. See also, Wilson v. Garcia, 471 U.S 261, 279 (1985)(holding that actions under § 1983 are determined in accordance with the relevant state's limitations period for personal injury actions). Massachusetts law provides a three year general personal injury

11

statute of limitations.  M.G.L. c. 260 § 2A.

The Complaint specifically identifies the allegedly improper action against the postal inspectors to be their actions in conducting an interview of Layne – which she claims was a custodial interrogation.  It is undisputed that the date of this interview was April 16, 2002 (See Exhibit 1 (although the date is not specifically stated in the Complaint, Layne refers to the May 16, 2003 arbitration decision in the Complaint, and that decision discusses Layne's claims in detail and identifies the interview date as April 16, 2002).  The Complaint was filed on May 16, 2005.  Thus, the interview occurred more than three years prior to the time Layne filed her Complaint.  Any claim based upon the interview is barred by the statute of limitations and should be dismissed as untimely.

    **(iii)**     **Layne Has Failed to State a Cognizable Constitutional Claim Under the <u>Fourth Amendment of the Constitution</u>**

Layne's Complaint alleges that the interview of her conducted by Inspectors Harrington and Douillette constituted an unreasonable seizure and a custodial interrogation.  Layne misconstrues the law applicable to an employment action.  A custodial interrogation refers to questioning by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in a significant way.  <u>Mayfield v. Maloney</u>, 749 F. Supp. 1151 (D. Ma. 1990) <u>citing</u> <u>Miranda v.</u>

Arizona, 384 U.S. 436, 444 (1966) reh'q denied 385 U.S. 890 (1966).  At the time Layne met with the Postal Inspectors she was not under arrest, and there were no restraints on her freedom of movement.  United States v. Coker, 298 F. Supp.2d 184 (D. Ma. 2003).  The Postal Inspectors who interviewed her did not do so in connection with any criminal proceeding.  In fact, she has never been arrested for her activities related to her employment.  Instead, Layne was interviewed solely in connection with issues arising out of her employment.  This case does not, and never did, involve a criminal aspect, and Layne was never in "custody".  There is simply no basis for Layne's claim to violations of her Constitutional rights based upon the interview conducted by the Postal Inspectors, and Count III should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Defendants request that the Complaint be dismissed in its entirety.

Respectfully submitted,

MICHAEL J. SULIVAN
United States Attorney


By:   /s/ Rayford A. Farquhar
      Rayford A. Farquhar
      Assistant U.S. Attorney
      U.S. Attorney's Office
      1 Courthouse Way, Suite 9200

```
                                        Boston, MA 02210
                                        (617) 748-3100
```

Of Counsel:
Conny Davinroy Beatty
United States Postal Service
National Tort Center
PO Box 66640
St. Louis, Missouri  63166-6640
Tel:  314-872-5172


## CERTIFICATE OF SERVICE

Suffolk, ss.                            Boston,
Massachusetts                           December 14, 2005

    I hereby certify that a true copy of the above document was served upon Eugene S. Johnson, 264 Broadway, Suite 502, Methuen MA 01844 by First Class Mail.

```
                                        s/s Rayford A. Farquhar
                                        Rayford A. Farquhar
                                        Assistant U.S. Attorney
```