UNITED STATES DISTRICT COURT
DISTRICT OF BOSTON, MASSACHUSETTS

SUFFOLK, ss                                                        Docket No: 05 CV 11096 NG

Donna Layne,
Plaintiff

v.

Lori Bullen,
Marsha Cannon,
Inspector Harrington,
Allen Douillette,
Defendants

PLAINTIFF'S MEMORANDUM IN SUPPORT
OF OPPOSITION

Now comes the Plaintiff, Donna Layne, through her attorney, and offers this memorandum in support of her opposition to Defendant's Motion to Dismiss:

ISSUES PRESENTED

I. Whether this court has jurisdiction over the parties and issues?

II. Whether the surveillance cameras used to video tape postal workers violated Title III (18 U.S.C. §§ 2510-20)?

III. Whether the postal inspectors, acting in the capacity of their job, violated the Miranda doctrine while interrogating the Plaintiff and utilizing the illegally obtained information in a separate proceeding?

IV. Whether the statute of limitation had expired barring the Plaintiff from filing a complaint?

V. Whether the EEOC appeal is applicable to this case before the court?

## STATEMENT OF THE CASE

This case began when Ms. Layne, pursuant to Family Medical Leave Act (FMLA), took time off from work due to health issues. The post office managers/supervisors at the Central Square Cambridge facility had placed negative remarks in her personnel file because Ms Layne utilized her sick time due to her chronic illness. The Clerk Division of American Postal Workers Union, AFL-CIO, filed a grievance on Ms Layne's behalf to remove the negative remarks from Ms Layne's personnel file as she was entitled, under FMLA, to take those days off because of ongoing health problems. The union was successful in removing all traces of the negative notations in her personnel file. From that point on, the postal service's managers/supervisors had been searching for reasons to terminate Ms Layne. At some point, a substantial amount of money had disappeared from the Central Square Cambridge postal facility. The postal service's managers/supervisors believed the theft occurred over a long period of time, not a one time theft. Defendants saw this as an opportunity to terminate Ms Layne. Ms Layne was interrogated as a part of the investigation for the theft and without evidence of any involvement, she was terminated from her employment.

## STATEMENT OF THE FACTS

Funds were disappearing from the Central Square Cambridge postal facility for an undisclosed period of time which necessitated a criminal investigation. Managers at the facility decided to investigate the theft, in the interim, Ms. Layne began working at the facility.

Surveillance cameras were set up and videotaping began. As a result of the videotaping, at least two employees exhibited behavior that the viewers of the tape were unable to explain; the reviewers admittedly were unable to ascertain what was happening on the video tape because the employees' backs were facing the cameras, i.e., they could not see what the employees were doing due to the angle of the camera. By all reports, the behavior of the two individuals on the tape was identical.

Ms Layne was ordered into, a room, isolated from the other employees at approximately 7:00 AM whereby the inspectors began interrogating Ms Layne regarding her behavior in relationship to the theft. The interrogation went on for approximately eight (8) hours. Ms. Layne was instructed that she could not go to lunch without supervision because the inspectors expressly told her that they did not want her speaking to any of the other employees. It was at this point, the union steward became aware of the interrogation and he intervened.

Although no criminal charges were ever filed against Ms Layne due to a lack of evidence, the inspectors recommended termination of Ms Layne. Although Ms Layne's actions caught on camera were essentially the same as that of the other employee, that employee was not terminated. She was given a two-week suspension and retained all of her employee benefits; whereas Ms Layne not only lost her job and accompanying benefits, but as a consequence of the termination, she lost her greatest asset, her home, due to foreclosure and her motor vehicle due to repossession.

At no time while Ms Layne was in the custody of the two postal inspectors, was she informed that what she said can and will be used against her, they never told her that she did not have to respond to any of their questions, and she was not advised of her right to have counsel or union representative present.

ARGUMENT

When the managers at the Central Square Cambridge postal facility discovered that funds were being misappropriated, it was decided to initiate an investigation into the theft. The alleged theft was against the United States Postal Service, an arm of the United States Government, therefore the federal court has jurisdiction over this matter.

Federal courts have supplemental jurisdiction. (USCA §1367) The statute allows parties in a federal court case to add state law claims, even though the state law claims not could not have been brought by themselves (i.e. they fail to satisfy either a federal question or diversity requirements). Supplemental jurisdiction will exist when the non-diverse state claims forms part of the same case or controversy.

It is well settled that theft is a crime and that theft warrants a '**criminal investigation**'. As part of the investigation, Inspectors Harrington and Douillette, demanded the Plaintiff, Ms Layne, to enter into a closed room apart from all other personnel. The inspectors kept her isolated in that room for approximately eight (8) hours asking her questions regarding her involvement in the theft. Ms Layne was not free to leave the room. A custodial interrogation is questioning initiated by a law enforcement officer after a person has been taken into custody or **otherwise deprived of his (her) freedom of action in any significant way.** If the police outnumber the suspect or if the questioning is sustained and intense, the questioning may be deemed custodial. At no time during the interrogation was Ms Layne informed of her right to not incriminate herself, they did not tell her that she was entitled to have legal representation, and that what she said would be held against her. There is no minor crime exception if an interrogation meets the standard requirements for Miranda warnings. These warnings must be given no matter how minor the crime, and regardless of the fact that no jail sentence may be imposed for it. **Berkmer v. McCarty**, 468 U.S. 420 (1984).

Electronic surveillance equipment was set up to watch the employees as they went about their day to day routine of customer service at the walkup stations where stamps and others items were being sold. In order for electronic devices to be utilized for surveillance, the use must be authorized by a judicially-issued warrant pursuant to Title III § 2516; the Act authorizes the Attorney General or a specially designated Assistant Attorney General to apply to any federal judge for an order permitting an appropriate federal agency. Under § 2518, a judge may authorize electronic surveillance if:

   a. there is probable cause to believe that a **specific individual** has committed the crime,
   b. there is probable cause that the interception will **furnish evidence of the crime,**
   c. normal investigative procedures have been tried and failed,
   d. there is probable cause to believe the facility will be used for the crime and the individual under suspicion is linked to the crime, and
   e. emergency allowance without prior approval is permitted when an emergency situation exist.

Any willful electronic surveillance not complying with the Act is a federal crime and punishable by imprisonment, a fine, or both. Further, any evidence obtained in violation is subject to the exclusionary rule in both state and federal courts.

Plaintiff had a "property" interest in the form of specific benefits that she had earned by virtue of being on the job for almost two decades (seventeen years) that she lost due to statements obtained during the interrogation conducted in violation of her rights and the electronic surveillance.

Defendants also assert that Ms Layne is not entitled to review by this court because she has not exhausted all procedural and administrative avenues available to her by way of the Equal Employment Opportunity Commission (EEOC). Ms Layne has not claimed discrimination and therefore the EEOC remedies do not apply in this instance.

Defendants also assert that the statute of limitation has expired and therefore Ms Layne is precluded from filing an action. Although it is true that the arbitration hearing was held on April 16, 2003, the outcome of the hearing was not published until May 16, 2003. The statute of limitations could not possibly begin to toll until the Plaintiff had notice of the final disposition of the hearing. Plaintiff's complaint was filed on May 11, 2005, prior to the expiration date.

## SUMMARY OF ARGUMENT

The postal service utilized an electronic surveillance device during a criminal investigation and may not have had proper authority. The videotape and statements made during the interrogation may fall under the **exclusionary** rule and therefore could not be used in either federal or state court as a consequence of the illegally obtained information. Statements made during the interrogation were used to censure Ms Layne and deprive her of continued employment for mishandling funds where there was no conclusive evidence, whereby she was subsequently terminated. Essentially, the Defendants strategy was to terminate Ms Layne by any means because FMLA prevented the Defendants from terminating Ms Layne directly; the Defendants deviously terminated her by accusing her of mishandling postal funds, i.e. theft that they were unable to prove.

## CONCLUSION

The court has jurisdiction over this matter due to the violation of the Ms. Layne's Fourth Amendment right to be free from unreasonable seizure, violation of her Miranda warning entitlement, and violation of her Fifth Amendment right not to incriminate herself. Also, the Court has supplemental jurisdiction over state issues because they arise from the same set of circumstances; that is the violation of her rights. But for the violation, Ms Layne would be a current employee of the postal service, she would have not lost her most valuable possession, her home. Further, Ms Layne was terminated because she used the Family Medical Leave Act to her benefit and the postal service, in a covert and unconscionable manner, sought to punish Ms Layne indirectly by using the alleged theft in its attempt to circumvent the Family Medical Leave Act. The individual that actually took the money was identified, charged with the crime, and was convicted. For the above reasons, this court should deny Defendants motion to dismiss this case.

/s/ Eugene C. Johnson, Esq.
BBO #: 659713
264 Broadway – Suite 502
Methuen, Massachusetts 01844
(978)691-5544